### LOW *v.* FISHER.

#### (*Circuit Court, D. New Jersey.* May 17, 1886.)

1. ASSUMPSIT — COVENANT — CONTRACT UNDER SEAL — VERBAL ALTERATIONS — INCORPORATION IN CONTRACT OF PROVISION FOR VARIATION.
   Verbal alterations of a contract under seal, which materially change its character, make the whole agreement parol, and *assumpsit*, not covenant, is the proper form of remedy for its breach; but the principle is not applicable when provision is incorporated in the contract itself for a variation of its terms, and for ascertaining the new rate of compensation to be *allowed* for such damages.

2. SAME—ARBITRATION—BAR TO ACTION.
   Under the circumstances of this case, certain sections of the agreement, which provide that questions of compensation for work not contemplated by the agreement shall be settled by a common arbiter, are conditions precedent that bar recovery unless the declaration contain allegations that they have been performed, or averred sufficient excuse for non-performance.[1]

In Covenant. Demurrer.
*Kays, Huston & Kays,* for demurrer.
*Francis J. Swayze, contra.*

---

[1] Respecting provisions in a contract for arbitration, and compliance therewith being a condition precedent to a recovery thereon, see Crossley v. Connecticut Fire Ins. Co., 27 Fed. Rep. 30, and note, 32, 33.

NIXON, J. This suit was originally brought in the circuit court of the county of Sussex. A general demurrer was put in to the declaration, and, pending the proceedings there for a hearing, the case was removed into this court. The action is in covenant. The declaration contains two counts, assigning two breaches of the contract. The counsel for the plaintiff, on the argument, admitted that the first count was insufficient; but he insisted that the breach in the second count was sufficiently assigned and set forth to sustain the suit.

Two questions have been presented and argued: (1) Whether an action in covenant is maintainable upon a sealed instrument, when the terms of the contract have been subsequently and materially modified by parol. (2) Whether certain sections of the agreement, which provided that questions of compensation for work not contemplated by the agreement should be settled by a common arbiter, were conditions precedent that barred recovery unless the declaration contained allegations that they had been performed, or averred sufficient excuse for non-performance.

1. It seems to be now understood that verbal alterations of a contract under seal which materially change its character, make the whole agreement parol, and that *assumpsit,* and not covenant, is the proper form of the remedy for its breach. But the principle is not applicable when provision is incorporated in the contract itself for a variation of its terms, and for ascertaining the new rate of compensation to be allowed for such changes. In the present case the contract was for grading and for the masonry on certain specified sections of the New Jersey Midland Extension Railroad, for definite prices, the work to be executed under the direction of the chief engineer of the Scranton Construction Company, and whose determination of all questions arising between the parties should be final and binding upon them. Provisions were made in the contract for varying the work to be performed, in the discretion of the engineer, and for determining the rate of payment to be allowed for the changes. In the recent case of *Hamilton* v. *Hart,* 1 Atl. Rep. 254, the supreme court of Pennsylvania carefully considered this question, and, following *Carrier* v. *Dilworth,* 59 Pa. St. 406, held that covenant, and not *assumpsit,* was the correct form of the action in cases where a contract under seal had been varied by parol agreements, unless the changes in the contract were so radical as to make substantially a new contract. I do not find any such radical changes in the present case, and must hold that the action is properly brought.

2. The second count of the declaration is founded upon the eleventh section of the contract, which provides "that changes in the alignment, gradients, and forms of structures may be made at the direction of the chief engineer; but no claims for damages shall be made or allowed therefor, nor for any prospective profits or work, which may, by reason of such changes, be abandoned; but any work done upon the line before it is changed, and which may be abandoned,

shall be paid for at the prices fixed in this contract; and when the new alignments, gradients, or forms of structures substituted for those abandoned shall, in the opinion of the chief engineer, materially alter the character of the work, he shall estimate the difference in value thereof, and due allowance shall be made therefor, according to the enhanced or diminished value of the work." From the terms of the section it is manifest that, before a suit can be maintained for a breach of the same, two things are necessary: (1) That the chief engineer should be of the opinion that the changes made in the alignment, gradients, and form of structures have materially altered the character of the work; and (2) that he shall have estimated the difference in value. The declaration contains no allegations that the chief engineer had any such opinion, or that he has made an estimate of the amount of the enhanced value of the work. On the contrary, it simply alleges "that he has wholly neglected and refused so to do." This is hardly sufficient. *Non constat* that the facts and circumstances of the case did not justify his neglect and refusal. As was pertinently observed by ERLE, C. J., in *Clark* v. *Watson*, 18 C. B. (N. S.) 278, when considering a demurrer to a declaration in a very analogous case: "This is an attempt on the part of the plaintiff to take from the defendant the protection of his surveyor, [or arbiter,] and to substitute for it the opinion of a jury."

It is not necessary to say whether the count would have been good if it had alleged that the neglect and refusal of the chief engineer was fraudulent or in bad faith, but the count, in its present form, cannot be upheld, and the demurrer must be sustained.